Herbert **REED**, Petitioner, Appellee,

v.

**PEOPLE OF the STATE OF MICHIGAN,
Respondent, Appellant.**

**Misc. No. 534.**

United States Court of Appeals
Sixth Circuit.

Aug. 7, 1968.

Vincent F. Stapley, Asst. Pros. Atty., Jackson, Mich., for appellant.

John R. Weber, Marquette, Mich., for appellee.

Before CELEBREZZE, PECK and McCREE, Circuit Judges.

PER CURIAM.

Appellee, a successful habeas corpus petitioner in the United States District Court for the Western District of Michigan, has filed a motion in this Court to proceed in forma pauperis, to docket the appeal, and to dismiss the appeal for failure of the Appellant, the State of Michigan, to file a timely notice of appeal.

On April 8, 1968, the District Court entered an order discharging the Appellee from custody but providing " * * * that said discharge from imprisonment be stayed for a period sufficient to allow the State of Michigan to commence an appeal from this order or a retrial of petitioner but in no event shall this stay be effective beyond sixty (60) days from April 5, 1968 * * * " The State of Michigan filed a notice of appeal in the District Court on May 31, 1968, fifty-three days after entry of the District Court's final order. Rule 73(a), Federal Rules of Civil Procedure, and 28 U.S.C. § 2107 provide that a notice of appeal shall be filed within thirty days of the entry of the final order appealed. Timely filing of that notice is jurisdictional to the appeal, and this Court cannot waive or modify that requirement. Schlink v. Chesapeake & Ohio Railroad Co., 276 F.2d 116 (6th Cir.1960). On the other hand, the District Court, " * * * upon a showing of excusable neglect * * * ," can extend the time for filing, not to exceed thirty days " * * * from the expiration of the original time * * * " Rule 73(a) (2), Federal Rules of Civil Procedure. Appellant contends that the sixty-day stay of the order of discharge was such a grant of an extension of time. We do not agree. A District Court may extend the time for filing a notice of appeal only to the extent and under the conditions prescribed by Rule 73(a). Richland Knox Mutual Insurance Company v. Kallen, 376 F.2d 360, 363 (6th Cir.1967). Here, no showing of excusable neglect was made, nor was there a finding of excusable neglect. The filing of a notice of appeal is a simple matter, and the sixty-day stay was provided no doubt for the purpose of instituting a retrial, not the filing of a notice of appeal.

Nevertheless, a finding of excusable neglect by the District Court, before or after expiration of the original thirty-day period, will validate a late filing, provided filing was made within the sixty-day maximum. In this case, notice of appeal was filed within fifty-three days of entry of the final order; therefore the case will be remanded so that the District Court can determine whether there was excusable neglect. Evans v. Jones, 366 F.2d 772 (4th Cir.1966). If there is a finding of excusable neglect the appeal will proceed. Otherwise, the appeal will be dismissed. Meanwhile,

action on the Appellee's motion to proceed in forma pauperis, to docket the appeal and to dismiss the appeal will be suspended.

Remanded.