Cathlin Donnell, U. S. Atty. (Interim), Denver, Colo., and John B. Owens, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for petitioners.

Gary Finch, respondent, *pro se.*

**UNITED STATES of America and Kenneth Batson, Special Agent of the Internal Revenue Service, Petitioners,**

v.

**Gary FINCH, Respondent.**

Civ. A. No. 77 M 239.

United States District Court,
D. Colorado.

July 20, 1977.

### MEMORANDUM AND ORDER

MATSCH, District Judge.

This matter originally came before the Court on the government's petition to enforce an Internal Revenue Service summons directing the respondent, Gary Finch, to appear before an I.R.S. agent to testify and produce documents concerning the tax liability of John B. and Ruth D. Gretzinger. At the close of a hearing on the petition, the respondent was ordered to appear before an I.R.S. agent at the Denver office of the Intelligence Division of the I.R.S. to be interviewed pursuant to the summons.

Additionally, at the request of the respondent, the petitioners were ordered to allow as many persons invited by the respondent as could reasonably fit into the room to attend the interview as observers. On May 2, 1977, one week prior to the

scheduled interview, the petitioners filed objections to that latter part of the order and requested in its place an order limiting attendance at the interview to I.R.S. employees, a court stenographer, the respondent and his attorney. The scheduled interview was continued, pending a decision on the petitioners' objections and request.

The issue to be decided is simply whether a citizen summoned by the I.R.S. for an interview is entitled to bring with him another citizen or citizens of his choosing to observe the proceedings. I do not think it is necessary to determine and consider the particular reason why the respondent here desires to have other persons with him at the interview. Assuming, as my order provided, that the citizens attend only as observers and that they are not allowed to participate or disrupt the interview in any manner, it seems reasonable to require the petitioners to come forward with an acceptable justification for closing the door to anyone but an attorney, if the respondent can afford one, and a stenographer.

In support of their objections, petitioners have advanced two primary arguments. The first of these is based on *United States v. Newman,* 441 F.2d 165 (5th Cir. 1971). There the court reversed that part of the district court's order which allowed the taxpayer to appear at the respondent's interview with the limited privilege to voice his objections to the production of records and testimony called for during the interview. On the authority of *Newman,* and citing *United States v. Nemetz,* 450 F.2d 924 (3d Cir. 1971), *cert. denied* 405 U.S. 988, 92 S.Ct. 1250, 31 L.Ed.2d 454 (1972) as in accord, the petitioners argue as follows:

> Since it is beyond dispute that a taxpayer has no right to be present during a third-party's appearance before a special agent pursuant to a summons, it is clear that the general public should not be permitted to attend the third-party's appearance before the special agent. Moreover, it would be discriminatory to permit the general public to be present but to prohibit the taxpayer from attending. Finally, it would be *contra* to *Newman* and

*Nemetz* to allow the general public to attend, since surely that would permit the taxpayer, as a member of the general public, to also attend.

(Petitioners' Objections at 2–3)

I cannot accept these arguments on the authority of *Newman* because I do not think the reasoning of that opinion is at all applicable to the facts of the present case. One of the two reasons for denying the taxpayer an opportunity to attend the interview in *Newman* was the technical reason that he was not a party to the proceeding. As the court stated,

> With [denial of intervention] falls the . . . surveillance privileges. This is especially so since none of the summoned witnesses—the sole respondent parties—raised any litigatable objections or sought or showed any need for any other person, counsel or otherwise, to be present. 441 F.2d at 173.

In the present case, it is the respondent-summoned witness who seeks the minimal protection of his interests by having other citizens observe his interrogation. On this fact alone, *Newman* is distinguishable and therefore unconvincing authority for the petitioners' objections and request.

However, even assuming that the respondent's expressed personal desire to have others present is in fact solely for the purpose of obliging the desire of the taxpayer to be present as one of those persons invited, I do not think *Newman* is good authority for the petitioners' position. The second and more significant rationale in *Newman* for denying surveillance privileges to the taxpayer is based on an analogy drawn by that court between an I.R.S. investigation and an investigation by a grand jury or by the Federal Trade Commission. While I do not consider the analogy to be apt, the *Newman* holding does not control the matter now before me.

By the terms of my order, neither the taxpayers nor any other citizen invited by the respondent would be permitted to take an active part in the interview. It is not apparent to me how the presence of silent observers, including even the taxpayers,

would convert the investigation into a premature trial or otherwise disrupt or make less efficient the interview of the respondent. Any suggestion to the contrary raises an inference that those who are summoned would be well-advised to be on guard against possible abuses of this administrative authority. Not everyone can pay an attorney to protect his rights and it would seem to me that secretly-held inquisitions are contrary to the constitutional traditions of our nation. Consequently, the rationale of the *Newman* court is inapplicable to the present case, even if the taxpayers are among those invited by the respondent to attend the interview as observers. *United States v. Nemetz,* 450 F.2d 924 (3rd Cir. 1971) simply cites *Newman* without discussion and, therefore, adds no support to the petitioners' argument.

The second argument advanced by the petitioners is based on recent amendments to Section 6103 of the Internal Revenue Code of 1954. 26 U.S.C. § 6103(a) provides that a taxpayer's return information shall be confidential and that no government employee can reveal return information except as permitted by the Code. 26 U.S.C. § 6103(k)(6) provides that an I.R.S. employee is permitted to disclose return information in the course of an investigation only to the extent that such disclosure is necessary in obtaining information. The petitioners argue that, since it may be necessary for the agent to reveal return information of the taxpayers to the respondent for the purpose of obtaining information, my order will necessarily result in a revelation to members of the general public; and, since revelation to the general public is not necessary to obtain information from the respondent, the order permitting attendance of the general public will result in a direct violation of § 6103(k)(6).

With this argument, the petitioners are asserting that it is the taxpayers' right of privacy, as recognized and protected by an act of Congress, which compels them to object to the respondent's request to have observers at the interview. One of the taxpayers, John B. Gretzinger, was present in Court when the respondent's request was granted, and he gave no indication then or at any time thereafter that he objected. 26 U.S.C. § 6103(c) provides a mechanism to determine on the record whether he and Ruth Gretzinger do in fact desire to have their rights to privacy protected by denying the respondent's request. That sub-section provides, in part, that the I.R.S. may disclose return information to such person or persons as the taxpayer may designate in a written request for or consent to such disclosure. If the respondent here can obtain for the petitioners a written consent from the taxpayers to the disclosure of return information in the presence of observers as may become necessary in the course of his interview, the petitioners' concern about a violation of § 6103(k)(6) would seem to be no longer valid.

Sub-section (c) of § 6103 also provides that, despite a request for or consent to disclosure from the taxpayer, "return information shall not be disclosed . . . if the Secretary determines that such disclosure would seriously impair Federal tax administration." Assuming the respondent is successful in soliciting the consent of the taxpayers to possible disclosures during the course of respondent's interview, the petitioners must, of course, be given the opportunity to persuade this Court that such disclosures will "seriously impair Federal tax administration."

Upon the foregoing, it is

ORDERED that the respondent has 20 days to obtain and file with this Court a written consent from John B. and Ruth D. Gretzinger to the disclosure of return information in the presence of those persons attending respondent's interview, and it is

FURTHER ORDERED that, upon the failure of the respondent to obtain said consent, the Order of this Court allowing the attendance of observers at the respondent's interview will be vacated and the interview date rescheduled with only I.R.S. employees, a stenographer, the respondent and his attorney allowed to attend, and it is

FURTHER ORDERED that, upon the success of the respondent in obtaining said

consent, the petitioners shall have 10 days to submit for this Court's consideration the representations of the Secretary that the order allowing attendance of observers at the respondent's interview will seriously impair Federal tax administration.