**George Q. MILWEE, Jr. et al., Plaintiffs,**

v.

**The PEACHTREE CYPRESS INVEST-MENT COMPANY et al., Defendants and Plaintiffs-by-counterclaim,**

v.

**George Q. MILWEE, Jr., Defendant-by-counterclaim.***

**No. CIV–4–77–17.**

United States District Court, E. D. Tennessee, Winchester Division.

June 4, 1979.

Jordan Stokes, III, Nashville, Tenn., for plaintiffs.

H. Fred Ford, Nashville, Tenn., for defendants.

* Appeal dismissed C. A. 6th order of May 11, 1979, vacated June 19, 1979, and judgment affirmed as between plaintiff-intervenor-appellant and defendants-appellees on January 16, 1981, all in no. 79–1038. *See* also *State ex rel. Shriver v. Tenn. Land, etc.* (Tenn.1979), 585 S.W.2d 608.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The intervenor-appellant Mr. John B. Milwee moved this Court for the enlargement of the time for filing a notice of appeal herein for reasons of excusable neglect, Rule 4(a), Federal Rules of Appellate Procedure. *George Q. Milwee, Jr., et al.*, plaintiffs; *John B. Milwee*, plaintiff-intervenor-appellant, v. *The Peachtree Cypress Investment Company, et al.*, defendants-appellees, order of May 11, 1979 in no. 79–1038 in the United States Court of Appeals for the Sixth Circuit. Although the matter is not free of doubt, such motion hereby is FOUND to have merit.

"Upon a showing of excusable neglect * * * " this Court may extend the time for filing a notice of appeal " * * * for a period not to exceed 30 days from the expiration of the time otherwise prescribed. * * * " Rule 4(a), *supra*. Such an extension may be granted before or after the time otherwise prescribed has expired. *Idem.* The notice of appeal herein, having been actually given within the 30-day period following the expiration of a regular appeal time of 30 days, a finding by this Court of excusable neglect validates the otherwise untimely notice of appeal. *See Moorer v. Griffin*, C.A. 6th (1978), 575 F.2d 87 (involving a *pro se* litigant); *United States v. Hoye*, C.A. 6th (1977), 548 F.2d 1271, 1273; and *Reed v. People of State of Michigan*, C.A. 6th (1968), 398 F.2d 800, 801[4].

It is abundantly clear that the notice of appeal herein was not filed timely because of neglect on behalf of Mr. Milwee; the only question, then, is whether that neglect was excusable. Mr. Milwee contends that such neglect was excusable, because his attorney was under the mistaken impression (1) that the motion filed herein on October 18, 1978 would toll the running of the 30-day period within which notice of appeal was required to have been given, and (2) that the 3 days of additional time provided for service by mail, Rule 6(e), Federal Rules

of Civil Procedure, was applicable to the filing of a notice of appeal. Had such counsel not been mistaken in either of these two particulars, the notice of appeal given would have been timely.

Within the meaning of Rule 4(a), *supra*, the term "excusable neglect" " * * * has come to be a fairly strict standard. * * * " 16 Wright, Miller, Cooper and Gressman, Federal Practice and Procedure: Jurisdiction 366, § 3950. This is particularly true where, as here, it is not claimed by the proposed appellant that he failed to receive timely notice of the judgment from which an appeal lay.

■ Generally, the courts have not recognized an attorney's misunderstanding of the law, as to when the notice of appeal must be filed, as constituting excusable neglect. *See* Anno: Time to Appeal—Excusable Neglect, 26 A.L.R.Fed. 569, 592–594, § 7[b]. However, in two somewhat similar situations, courts of appeals affirmed their respective district courts' finding of excusable neglect based upon counsel's good-faith misunderstanding of the law. *Wansor v. George Hantscho Co., Inc.*, C.A. 5th (1978), 570 F.2d 1202, certiorari denied (1979), 439 U.S. 953, 99 S.Ct. 350, 58 L.Ed.2d 344, (where counsel believed mistakenly that his motion to reconsider tolled the period for filing a notice of appeal);[1] *Feeder Line Tow. Serv., Inc. v. Toledo, P. W. R. R. Co.*, C.A. 7th (1976), 539 F.2d 1107 (where counsel relied upon a statute, allowing 90 days to appeal in admiralty cases, and that statute had been superceded by Rule 4(a), *supra* ); *see also Torockio v. Chamberlain Manufacturing Company*, D.C.Pa. (1972), 56 F.R.D. 82, 87–88[7], affirmed C.A.3d (1973), 474 F.2d 1340 (table) (where counsel believed erroneously that a dismissal without prejudice was not final for appellate purposes).

■ The failure of Mr. Milwee to give timely notice of appeal herein was admittedly a misunderstanding and erroneous interpretation of the law by his counsel.

---

1. The Fifth Circuit made it clear that it was not holding that a bona fide misunderstanding or mistake as to the law by counsel will constitute excusable neglect. *Ibid.*, 570 F.2d at 1207.

There is no indication that such counsel was acting other than in good-faith in so construing the applicable procedural rules. This is a situation to be distinguished from one in which counsel was too busy with other matters to attend seasonably to this action; nor was his delay some aspect of a tactical decision.

Accordingly, Mr. Milwee, having given notice with his motion which the Court deems appropriate, the Court hereby EXTENDS *nunc pro tunc* the time for the filing of the notice of appeal by Mr. John B. Milwee herein of November 7, 1978 through and including November 30, 1978.[2] Rule 4(a), *supra*. The clerk of this Court will forward a certified copy of this opinion and order to the clerk of the United States Court of Appeals for the Sixth Circuit.

---

2. Mr. Milwee's motion appears to seek from this Court an extension of 10 days *from the date hereof* within which to file another notice of appeal herein. This Court lacks jurisdiction to grant such an extension, since to do so would amount to extending the time for filing the notice of appeal far beyond the additional 30 days provided for in Rule 4(a), *supra*. See *United States v. Hoye, supra*, 548 F.2d at 1273[1]; *Reed v. People of State of Michigan, supra*, 398 F.2d at 801[2], [4].

