UNITED STATES of America, et al., Plaintiffs,

v.

Acie E. PUCKETT, etc., Defendant.

No. CIV–4–81–50.

United States District Court,
E.D. Tennessee,
Winchester Division.

Sept. 4, 1981.

On Subsequent Enforcement
June 4, 1982.

John H. Cary, U.S. Atty., Knoxville, Tenn., by John C. Cook, Asst. U.S. Atty., Chattanooga, Tenn., for plaintiffs.

Lowell H. Becraft, Jr., Huntsville, Ala., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action to enforce judicially an administrative-summons of the Internal Revenue Service (IRS). 26 U.S.C. §§ 7402(b), 7604(a). The sole dispute between the parties is the right, if any, of the respondent Mr. Puckett to have present at his appearance before agents of the IRS

certain persons whom he desires to act as observers.[1]

In their petition, the petitioners allege that Mr. Puckett appeared as directed in the summons; that he demanded that 10 unnamed individuals be present to witness such examination; that the presence of such persons was calculated to interfere with the examination; and that Mr. Puckett's unreasonable demand amounted to his refusal to comply with the summons. The petitioners now appear to have retreated from their earlier position: they contend that Mr. Puckett can " * * * invite ten individuals to witness his examination so long as the witnesses remain passive observers and so long as the respondent provides the IRS with a written consent on behalf of the corporate taxpayer, Feeder's, Inc., allowing disclosure of the return information in the presence of those people attending the interview."

The current position of the petitioners is proper, *United States v. Finch*, D.C.Col. (1977), 434 F.Supp. 1085, and will appear to accommodate the interests of the respondent as well as those of the petitioners. Accordingly, it is hereby

ORDERED:

—that the petitioners reschedule their examination of the respondent after consulting with Mr. Puckett in an effort to agree on a mutually convenient time therefor;

—that should Mr. Puckett desire to have persons present at such examination to act as observers, he, on behalf of the corporate taxpayer, shall execute a written consent authorizing the disclosure to the persons attending such examination as observers of return information with respect to the taxpayer Fedder's, Inc.[2] (The petitioners will provide such a written-consent form complying with the provisions of 26 U.S.C. § 6103(c));

—that, upon the execution of such written consent by Mr. Puckett, he shall have the right to have present at his examination up to and including 10 persons to serve as passive, silent observers. Such persons shall at all times remain orderly and shall not participate in the examination by conversation or otherwise;

—that, upon the failure of Mr. Puckett to execute such a written consent, the examination shall take place with only employees of the IRS, a stenographer, the respondent, any officers of the corporate taxpayer, and legal counsel for such taxpayer or Mr. Puckett present; and

—that the show cause hearing assigned herein for September 9, 1981 hereby is CANCELLED.

## ON SUBSEQUENT ENFORCEMENT

■ This is a civil proceeding to enforce judicially an administrative summons of the Internal Revenue Service (IRS). 26 U.S.C. §§ 7402(b), 7604(a). It was commenced on July 27, 1981 and, although such proceedings are presumptively to be summary in nature, *United States v. Will*, C.A.6th (1982), 671 F.2d 963, 968[7], this one continues to drag-on some 10 months later with little having been accomplished despite the Court's order of September 4, 1981 enforcing such summons.

This entire enforcement proceeding was limited strictly to the narrow issue: whether the summons was to be enforced. *United States v. First Nat. Bank of N.J.*, C.A.3d (1976), 540 F.2d 619, 624[3]. It was not designed to provide the summonee-defendant Mr. Puckett with a mechanism, whereby he might thwart effectively the IRS, through a series of maneuvers, in the exercise of its statutorily-mandated respon-

---

**1.** Mr. Puckett asserts that he does not have the care, custody or control of some of the information and records sought by the summons. The Court does not read the petition as contending that Mr. Puckett failed to comply with the summons for any reason other than his insistence that he have 10 observers present at the ensuing interviews.

**2.** Such written consent must list the names of the persons who appear at the examination as observers. 26 U.S.C. § 6103(c) requires that the taxpayer designate in writing the person or persons to whom the taxpayer is authorizing the disclosure of the return information.

sibility of determining and collecting any taxes which might be due the national sovereign under the internal revenue laws.[1]

# I

██ Mr. Puckett, who is not the taxpayer under the pertinent investigation by the IRS, sought to appeal this Court's order of enforcement. Our Court of Appeals determined that his notice of appeal was filed 2 days late and dismissed it for want of jurisdiction. Order of March 12, 1982 in *United States of America, et al.,* plaintiffs-appellees, *v. Acie E. Puckett,* defendant-appellant, no. 81–5836 in the United States Court of Appeals for the Sixth Circuit, 718 F.2d 1101, issued as a mandate on April 27, 1982. Such dismissal was, however, " * * * without prejudice to any right of defendant to apply to the district court for an extension of time in which to file the notice of appeal. See Rule 4(a)(5), Federal Rules of Appellate Procedure." [2] *Idem.* Mr. Puckett made such an application.

From the records of this Court and after inquiry of its clerk, it is clear that Mr. Puckett's notice of appeal was received physically by the clerk on October 29, 1981, within the 60-day period provided in Rule 4(a)(1), Federal Rules of Appellate Procedure. Such notice was not then filed by the clerk because it was not accompanied by the required filing fee. *See* Rule 3(e), Federal Rules of Appellate Procedure.[3] The clerk notified Mr. Puckett immediately of such deficiency and, upon receipt of the fee, his notice of appeal was filed on November 5, 1981.

In view of the foregoing, the Court hereby FINDS that the reason Mr. Puckett's notice of appeal was not filed at the time it was received by the clerk on October 29, 1981 was the result of his neglect to accompany such notice with the required filing-fee. The Court FINDS further that such neglect was excusable because, under the holding of the Supreme Court in *Parissi v. Telechron, Inc.* (1955), 349 U.S. 46, 47, 75 S.Ct. 577, 99 L.Ed. 867, 868, the untimely payment of that fee " * * * did not vitiate the validity of [his] notice of appeal * * *," and Mr. Puckett could reasonably have so assumed. *Accord: Gee v. Tenneco, Inc.,* C.A.9th (1980), 615 F.2d 857, 859[1] ("Where a notice of appeal is physically placed in the hands of the clerk's office within the prescribed time limit for filing, but the fee is not paid and filing does not

1. The Congress, by 26 U.S.C. § 7601(a), has required the Secretary of the Treasury " * * * to canvass revenue districts to 'inquire after and concerning all persons therein who may be liable to pay any internal revenue tax.' * * *" *United States v. LaSalle National Bank* (1978), 437 U.S. 298, 308, 98 S.Ct. 2357, 2363, 57 L.Ed.2d 221, 230. The statutory framework of the Internal Revenue Code " * * * imposes on the Secretary of the Treasury, and the IRS as his designee, a broad duty to enforce the tax laws. * * *" *United States v. Euge* (1980), 444 U.S. 707, 716, 100 S.Ct. 874, 880, 63 L.Ed.2d 141, 150, rehearing denied (1980), 446 U.S. 913, 100 S.Ct. 1845, 64 L.Ed.2d 267. It is their responsibility to make inquiries, determinations, assessments and collections of all taxes imposed by the Internal Revenue Code. *Idem.* One of the methods of carrying out such responsibility, which the Congress saw fit to enact, is the administrative-summons procedure; the purpose of that procedure " * * * is not to accuse, but to inquire. * * *" *United States v. Bisceglia* (1975), 420 U.S. 141, 145–146, 95 S.Ct. 915, 918–19, 43 L.Ed.2d 88, 93[2].

2. "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). * * *" Rule 4(a)(5), Federal Rules of Appellate Procedure. As is recognized, *infra,* the requirement, that the motion for an extension be filed within the 30-day grace-period, is apparently deemed satisfied where the untimely notice of appeal was filed during that period and the Court subsequently makes a finding of excusable neglect. See also *Williams v. United States,* C.A.5th (1977), 553 F.2d 420, 423, n. 8 and cases cited therein.

3. " * * * Upon the filing of any separate or joint notice of appeal from the district court, the appellant shall pay to the clerk of the district court such fees as are established by statute, and also the docket fee prescribed by the Judicial Conference of the United States, the latter to be received by the clerk of the district court on behalf of the court of appeals." Rule 3(e), Federal Rules of Appellate Procedure.

take place until the limit expires, the notice may be treated as timely.")[4]

The filing of the notice of appeal on November 5, 1981 was well within the additional 30-day grace period provided for by Rule 4(a)(5), *supra*. Therefore, under this Court's understanding of the rule in this Circuit, the foregoing finding of excusable neglect " * * * validates the otherwise untimely notice of appeal. * * *" *Milwee v. Peachtree Cypress Inv. Co.*, D.C.Tenn. (1977), 510 F.Supp. 290, 291[5] citing *Moorer v. Griffin*, C.A.6th (1978), 575 F.2d 87; *United States v. Hoye*, C.A.6th (1977), 548 F.2d 1271, 1273; and *Reed v. People of State of Michigan*, C.A.6th (1968), 398 F.2d 800, 801[4].

The Court hereby EXTENDS *nunc pro tunc* the time for the filing of the notice of appeal by Mr. Puckett through and including November 15, 1981. Rule 4(a)(5), *supra; Milwee v. Peachtree Cypress Inv. Co., supra*, 510 F.Supp. at 292. The clerk will forward the record back to the Court of Appeals, including a certified copy of this opinion and order.

## II

■ Mr. Puckett moved the Court also for a stay of its order of September 4, 1981 pending the completion of his appeal therefrom. That motion is completely devoid of merit and hereby is

DENIED.

It is said that an order, enforcing an IRS summons, is in the nature of an injunction and that any stay thereof is governed by the provisions of Rule 62(a), (c), Federal Rules of Civil Procedure. *See United States v. Manchel, Lundy and Lessin*, D.C.Pa. (1979), 477 F.Supp. 326, 334[10]. In order to stay such an order,

" * * * it generally is required that (a) the applicant make a strong showing that he is likely to succeed on the merits

of the appeal; (b) the applicant establish that unless a stay is granted he will suffer irreparable injury; (c) no substantial harm will come to other interested parties; and (d) a stay would do no harm to the public interest."

11 Wright & Miller, Federal Practice and Procedure: Civil 316, § 2904, quoting from *Bauer v. McLaren*, D.C.Iowa (1971), 332 F.Supp. 723, 729; *accord Long v. Robinson*, C.A.4th (1970), 432 F.2d 977, 979[1]. Mr. Puckett has failed to make such a showing.

First, there is substantial doubt concerning the likelihood of Mr. Puckett's success on the merits of his appeal; the IRS has submitted to his desire to have witnesses present at the examination, which was the sole issue raised by the petition herein, and the precise nature of Mr. Puckett's current complaint is unclear.

Secondly, no injury, much less irreparable injury, to Mr. Puckett or the corporate-taxpayer by virtue of a denial of the stay has been demonstrated; " * * * [i]f the records produced are prejudicial to the taxpayer, the proper place to raise abuse of process is at [any resulting] trial. * * *" *United States v. Manchel, Lundy and Lessin, supra*, 477 F.Supp. at 355, citing *Donaldson v. United States* (1970), 400 U.S. 517, 530–531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580. Should the examination result ultimately in additional taxes being assessed against the corporate-taxpayer, it would be attended by a multitude of remedies at law available for challenging those assessments, both administratively and through the federal court system to the Supreme Court.

And finally, to stay enforcement of the summons would not appear to be in the public interest; such a stay would impede

---

**4.** The Advisory Committee on Appellate Rules noted, in connection with the 1979 amendment to Rule 3(e), *supra*, that the case law " * * * indicates that the failure to prepay the statutory filing fee does not constitute a jurisdictional defect. * * *" Cited for this proposition were *Parissi v. Telechron, Inc., supra*, and *Gould v. Members of N.J. Div. of Water Policy & S.*, C.A.3d

(1977), 555 F.2d 340 ("It is thus clear that the filing fee requirement cannot operate to render untimely a notice of appeal that is timely received in the Clerk's office.")

**5.** Affirmed on the merits of the appeal C.A.6th (1981), 644 F.2d 885 (table).

the civil tax-investigation by the IRS and its collection of any taxes which might be owed to the national treasury. Were the statute of limitations for collecting unpaid taxes to expire, the government would be foreclosed from ever collecting those monies; to delay the investigation by the IRS pending the outcome of the appeal herein, absent a strong showing of necessity therefor, would appear to fly in the face of the summary nature of these proceedings. *See United States v. Will, supra.*

### III

The United States of America, through the United States attorney of this district, moved the Court for an order directing Mr. Puckett to appear and show any cause why he should not be held in contempt of the Court for his failure to obey the Court's order of September 4, 1981. From the affidavit and exhibits submitted in support of such motion it appears that Mr. Puckett has defied completely such order.

Mr. Puckett asserts that: "Justice cannot be served when one party is penalized for following the rules of the game!" What he overlooks apparently is that those "rules of the game" call for him to obey the order of this Court in the absence of a stay thereof; this was pointed-out to Mr. Puckett several months ago. *See* memorandum opinion and order herein of October 19, 1981. The order has not been stayed: Mr. Puckett's application to the Court of Appeals for a stay was denied on December 30, 1981, and his subsequent application to this Court has been denied. Nonetheless, Mr. Puckett gives no appearance of having an inclination to comply with that order.

The order herein, enforcing the administrative-summons, rendered Mr. Puckett subject " * * * to the threat of the court's contempt power. * * * " *Garner v. United States* (1976), 424 U.S. 648, 652, 96 S.Ct. 1178, 1181, 47 L.Ed.2d 370, 376; that threat is not to be taken lightly. The Congress empowered this Court specifically " * * *

to make such order as [the judge] shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and punish such person for his default or disobedience." 26 U.S.C. § 7604(b).[6]

Accordingly, it is hereby ORDERED that the defendant-appellant Mr. Acie E. Puckett appear personally before this Court at Third and Jefferson streets, Winchester, Tennessee, September 8, 1982 (as no. 4) at 12:30 o'clock, p.m. and show any cause why he should not be held in contempt of this Court, for his failure to obey this Court's order herein of September 4, 1981 enforcing the summons involved. A copy of this order will be served personally on Mr. Puckett by the United States marshal of this district.

---

**6.** This statute authorizes the issuance also of an attachment for the arrest of the disobedient summonee. An application therefor has not been sought.