Price MOORER, Plaintiff-Appellant,

v.

Timothy GRIFFIN et al.,
Defendants-Appellees.

No. 77–3580.

United States Court of Appeals,
Sixth Circuit.

April 6, 1978.

88

Price Moorer, Robert B. Newman, The Legal Aid Society of Cinti, Cincinnati, Ohio, for plaintiff-appellant.

Arthur M. Ney, Jr., Asst. Hamilton County Pros., Cincinnati, Ohio, for defendants-appellees.

## ORDER

Before EDWARDS, KEITH and MERRITT, Circuit Judges.

Appellees have moved to dismiss this appeal on the ground that appellant failed to file his notice of appeal within thirty days of the entry of the judgment or order appealed from, as required by Rule 4(a), Federal Rules of Appellate Procedure. The Court will deny this motion and remand this action to the district court for further proceedings.

On August 23, 1977, the clerk of the district court entered a judgment which indicated that this civil rights action had been dismissed for failure to prosecute when the appellant did not appear in court for trial on August 22, 1977. Appellant was incarcerated in the Ohio Correctional Institution at London, Ohio, and had been proceeding pro se and in forma pauperis in the district court. On September 9, 1977, the district judge entered a Judgment Order and Entry which amplified upon, but did not change or amend, the earlier Judgment which had been signed by the deputy clerk.

Appellant sent a letter dated September 20, 1977, to the district court with a notice of appeal from the dismissal of his action. This notice was returned to him with a notation on his letter by the deputy clerk that before he could file a notice of appeal he first had to file a Motion for certification of probable cause. This notice of appeal was not docketed, nor was the deputy clerk's note dated. We are therefore unable to determine if this notice was received by the district court within the time limits prescribed by Rule 4(a).

Appellant subsequently mailed a second notice of appeal, together with a Motion for a certificate of probable cause, to the court with a letter of transmittal dated September 30, 1977. These pleadings were docketed by the district court on October 4, 1977. The Motion for a certificate of probable cause was denied on that date as being unnecessary.

Appellant argues that through no fault on his part the clerk of the court failed to file his notice of appeal within the thirty day time limit, and therefore he should not be barred by Rule 4(a) from perfecting this appeal. Alternatively, he argues that since his second notice of appeal was received within thirty days of the September 9, 1977, Judgment Order and Entry, it was timely filed.

█ The Judgment of August 23, 1977, indicating the district court's decision to dismiss this action for failure to prosecute, thereby denying all relief to plaintiff, was properly entered by the clerk pursuant to Rule 58(1) of the Federal Rules of Civil Procedure. It was "a separate document" within the meaning of that Rule and it set out the reasons for the dismissal. It was not modified, amended or changed by the later Judgment Order and Entry. Therefore, the time within which plaintiff could file a notice of appeal from the district court's dismissal of his action began to run from the entry of the Judgment on August 23, 1977. *See United States v. Dean*, 519 F.2d 624 (6th Cir. 1975); *see also Bowles v. Rice*, 152 F.2d 543 (6th Cir. 1946).

█ The time period prescribed by Rule 4(a) within which to file a notice of appeal is " 'mandatory and jurisdictional.' *United States v. Robinson*, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)." *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). The courts of appeals may not extend this time either by looking to "substantial compliance" within the Rule or otherwise. *Levisa Stone Corp. v. Elkhorn Stone Co.*, 411 F.2d 1208 (6th Cir. 1960), *cert. denied*, 397 U.S. 925, 90 S.Ct. 913, 25 L.Ed.2d 104 (1970); Rule 26(b), Federal Rules of Appellate Procedure. Rule 4(a) does provide, however, that upon a showing of excusable neglect the district court may extend the time for the filing of a notice of appeal by any party up to thirty days after the original thirty day time period has expired. Such an extension of time may be granted by the district court either before or after the expiration of the original time period.

█ In the instant case, plaintiff-appellant proceeded in forma pauperis and without the benefit of counsel in the district court. Although both of his notices of appeal were filed within the permissible thirty day period of extension, he failed to file a Motion for an extension of time within which to file, or to allege any excusable neglect in the filing of his notices. The Court of Appeals for the Fourth Circuit has held under similar circumstances that:

> [W]hen a pro se litigant's notice of appeal is filed within sufficient time to allow the district court to grant an extension of time upon a showing of excusable neglect, the court should not treat the notice as untimely until it has advised the litigant of the requirements of the F.R. A.P. 4(a) and provided him an opportunity to establish excusable neglect to justify the extension of time authorized by that rule.

*Craig v. Garrison*, 549 F.2d 306, 307 (1977). *Accord, Alley v. Dodge Hotel*, 163 U.S.App. D.C. 320, 501 F.2d 880, 886 (1974); *Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972). *See also Stirling v. Chemical Bank*, 511 F.2d

1030 (2d Cir. 1975). We agree with the reasoning of these cases and conclude that this action should be remanded to the district court to determine whether appellant's notices of appeal were timely filed, and if not, whether this failure was attributable to excusable neglect so as to justify an extension of time as authorized by Rule 4(a).

This cause is remanded to the district court for further proceedings in accordance with this Order.