UNITED STATES of America, Plaintiff-Appellee,

v.

Jack Leon LUCAS, Defendant-Appellant.

No. 78-1347.

United States Court of Appeals, Tenth Circuit.

April 26, 1979.

Louis W. Bullock, Jr., of Chapel, Wilkinson, Riggs, Abney & Keefer, Tulsa, Okl., on brief, for defendant-appellant.

Ronald L. Rencher, U. S. Atty. and Christine L. Fitzgerald, Asst. U. S. Atty., Salt Lake City, Utah, on brief, for plaintiff-appellee.

Before SETH, Chief Judge, and PICKETT and McWILLIAMS, Circuit Judges.

PER CURIAM.

Appellant, Jack Leon Lucas, seeks a direct appeal of his conviction for bank robbery. Because the notice of appeal was untimely filed in the district court, we cannot reach the merits at this time.

Appellant was convicted of bank robbery and the judgment and commitment order entered in the United States District Court for the District of Utah on January 24, 1978. The district court's docket sheet indicates that the judge advised him of his appeal rights. It further appears that Lucas' appointed trial counsel was not contacted by Lucas with respect to an appeal and that counsel was subsequently permitted to withdraw.

On February 9, 1978, Lucas drafted and presumably mailed his notice of appeal from the Salt Lake County jail. The notice was filed in the district court on February 13, twenty days after the date of the judgment and ten days overdue. Lucas was not advised by the district court that his notice of appeal was untimely filed. By the time the action was docketed in this court, appellant's total appeal period, i. e., the ten days for filing the notice of appeal under Fed.R. App.P. 4(b) plus the permissible extension period under the same rule, had run. Lucas is now incarcerated at El Reno, Oklahoma.

Without an order of the district court granting an extension of time in which to file the notice of appeal, this court is without jurisdiction to entertain the appeal. Thus the questions presented for review are two-fold:

1. Does the district court have the power to enter an order granting the extension where the notice of appeal was filed within the extension period but no motion for an extension of time has been made; and

2. What is the appropriate procedural disposition of this case?

In *United States v. Connor*, Unpublished No. 74–1651 (10th Cir. filed May 12, 1975), we held that in a criminal case where the notice of appeal was filed beyond the ten-day appeal time, but within the thirty-day extension time under Fed.R.App.P. 4(b), the motion for an extension of time could be made beyond the total appeal period. In that case the motion was made in the district court approximately six months after the total appeal period had run.

It is well settled that if the motion itself is filed within the thirty-day exten-

sion period following the due date of the notice of appeal, a district court retains limited jurisdiction beyond the running of the total appeal period to act on the motion. *Moorer v. Griffin*, 575 F.2d 87 (6th Cir. 1978); *United States v. Umfress*, 562 F.2d 359 (5th Cir. 1977); *United States v. Guiterrez*, 556 F.2d 1217 (5th Cir. 1977); *Salazar v. San Francisco Bay Area Rapid Transit District*, 538 F.2d 269 (9th Cir.), *cert. denied*, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *Stirling v. Chemical Bank*, 511 F.2d 1030 (2nd Cir. 1975); *Alley v. Dodge Hotel*, 163 U.S.App.D.C. 320, 501 F.2d 880 (1974); *Pasquale v. Finch*, 418 F.2d 627 (1st Cir. 1969).

■ However, the only generally accepted prerequisite for establishing appellate jurisdiction is the filing of a notice of appeal (or some satisfactory equivalent thereof) within the maximum period for which the district court can grant an extension of time based on a showing of excusable neglect under Fed.R.App.P. 4. *Craig v. Garrison*, 549 F.2d 306 (4th Cir. 1977); *Rothman v. United States*, 508 F.2d 648 (3rd Cir. 1975); *Torockio v. Chamberlain Manufacturing Co.*, 456 F.2d 1084 (3rd Cir. 1972); *Moorer v. Griffin, supra; Salazar v. San Francisco Bay Area Rapid Transit District, supra; United States v. Hoye*, 548 F.2d 1271 (6th Cir. 1977); *United States v. Guiterrez, supra; United States v. Connor, supra.*

■ We do not concur with the position that the mere acceptance and filing of a notice of appeal by a district court is tantamount to the granting of the requisite extension of time. *See United States v. Gibson*, 568 F.2d 111 (8th Cir. 1978); *United States v. Williams*, 508 F.2d 410 (8th Cir. 1974). *See also Salazar v. San Francisco Bay Area Rapid Transit District, supra.* The rule clearly demands a judicial involvement in the determination that excusable neglect does exist, whereas the acceptance of a notice of appeal for filing is a mere clerical function. Nor do we think it necessary to automatically remand all cases in which such problems arise. *United States v. Umfress, supra; Sanchez v. Dallas Morn-*

*ing News*, 543 F.2d 556 (5th Cir. 1976); *United States v. Guiterrez, supra; Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972). Most of the rules of appellate procedure are simply and clearly written and it is up to the litigants to follow them.

■ It would be most helpful if the district court would advise a would-be appellant, and particularly one who is pro se, that his notice of appeal is untimely, thereby putting him on notice that some immediate action is yet required to secure appellate jurisdiction.

■ The burden of establishing a sufficient reason for failure to comply with the filing requirements remains with the appellant. In making its determination, the district court may consider all relevant factors. *See, e. g., Torockio v. Chamberlain Manufacturing Company, supra; Stirling v. Chemical Bank, supra; Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966); *Reed v. People of State of Michigan*, 398 F.2d 800 (6th Cir. 1968).

■ It is the opportunity to establish excusable neglect which courts should extend to appellants such as Lucas who have tried, but technically failed, to comply with the requirements for filing a notice of appeal. *Moorer v. Griffin, supra; Craig v. Garrison, supra; United States v. Hoye, supra; Bryant v. Elliott, supra; Sanchez v. Dallas Morning News, supra; Rothman v. United States, supra; United States v. Stolarz*, 547 F.2d 108 (9th Cir. 1976), *cert. denied*, 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977); *Johnson v. United States*, 132 U.S. App.D.C. 4, 405 F.2d 1072 (1968); *United States v. Connor, supra.*

■ Accordingly, we hold that a defendant who filed his notice of appeal beyond the time specified in Fed.R.App.P. 4, but within the thirty-day permissible extension period, should have the opportunity to seek relief by showing excusable neglect. *Moorer v. Griffin, supra; Craig v. Garrison, supra; Alley v. Dodge Hotel, supra; United States v. Johnson, supra.*

The case is remanded to the district court and appellant shall have thirty days from the date of this opinion in which to file a motion for extension of time pursuant to Fed.R.App.P. 4(b).

It is so ordered.