**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Benny E. AVERY and Joseph W. Boothman, Defendants-Appellants.**

Nos. 81–1552, 81–1553.

United States Court of Appeals, Tenth Circuit.

Submitted July 28, 1981.

Decided Sept. 2, 1981.

Robert E. Hart, Kansas City, Mo., for defendants-appellants.

Steve Lester, Asst. U. S. Atty., District Of Kansas, Wichita, Kan., and Grover G. Hankins, U. S. Dept. of Justice, Kansas City, Mo., for plaintiff-appellee.

Before McWILLIAMS and DOYLE, Circuit Judges, and KERR,* District Judge.

* Of the United States District Court for the District of Wyoming sitting by designation.

PER CURIAM.

After examining the briefs and the appellate record, this three judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The case is therefore ordered submitted without oral argument.

Appellants Benny E. Avery (Avery) and Joseph W. Boothman (Boothman) seek to appeal two orders entered by the United States District Court for the District of Kansas. The first order denied defendants' motion for a new trial based on newly discovered evidence. This order was dated and filed March 27, 1981. The second order, dated and filed on May 5, 1981, denied defendants' motion for leave to file an out of time notice of appeal from the order denying defendants' motion for a new trial.

In view of our holding that we lack jurisdiction and that this appeal must be dismissed, a review of the relevant rule and facts may be related as follows.

Federal Rule of Appellate Procedure 4(b) covers the procedure to be followed when appealing a criminal case and states in pertinent part:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of the judgment or order appealed from ... If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of an order denying the motion. A motion for a new trial based on the ground of newly discovered evidence will similarly extend the time for appeal from a judgment of conviction if the motion is made before or within 10 days after entry of the judgment ... A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. Upon a showing of ex-

cusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

The chronology of events in the instant case are as follows:

(1) March 27, 1981—An order was entered denying defendants' motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, said motion being based on the ground of newly discovered evidence.

(2) April 28, 1981—Defendants' motion to file an out of time notice of appeal based on excusable neglect.

(3) May 5, 1981—An order was entered denying defendants' motion to file an out of time notice of appeal finding that no excusable neglect existed.

(4) May 14, 1981—Defendants appealed the May 5, 1981 order to file an out of time notice of appeal.

According to Federal Rule of Appellate Procedure 4(b), the maximum amount of time to appeal, if the district court grants an extension, is 40 days. The time lapse between the date of the order denying a new trial and the first notice of appeal is 48 days in the current case.

██ This court has held that, if the motion to file an out of time notice of appeal is filed within the thirty day extension period, the district court retains jurisdiction. The motion in the instant case was filed on April 28, 1981, 30 days after the order denying the motion for a new trial was filed. Thus, the district court had jurisdiction to consider the defendants' motion to file an out of time notice of appeal. *United States v. Lucas*, 597 F.2d 243 (10th Cir. 1979); See also *United States v. Robinson*, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); *Durham v. United States*, 400 F.2d 879 (10th Cir. 1968); *Buckley v. United States*, 382 F.2d 611 (10th Cir. 1967), cert. denied 390 U.S. 997, 88 S.Ct. 1202, 20 L.Ed.2d 97 (1968); *Selph v. Council of City of Los Angeles*, 593 F.2d 881 (9th Cir. 1979).

██ Jurisdiction in the appellate court, however, is established upon the filing of a notice of appeal of the order denying a new trial within the maximum period of time allowed by the rule should the district court grant an extension based upon excusable neglect. The maximum amount of time given under Fed.R.App.P. 4(b) is forty days. In the instant case, forty eight days elapsed before any notice of appeal was filed. The forty day period commenced when the order denying the new trial was filed. The time period did not begin when the order denying the motion to file an out of time appeal was filed. *United States v. Lucas*, supra.

From the foregoing, it is unnecessary for this court to pass upon the question of excusable neglect.

APPEAL DISMISSED.

McWILLIAMS, Circuit Judge, dissenting:

I respectfully dissent. My understanding of the present proceeding is quite different from that of the majority. The majority treat this case as an *attempted* appeal from the district court's order of March 27, 1981. In my view, however, this *is* an appeal only from the district court's order of May 5, 1981.

On March 27, 1981, the district court, by order, denied appellants' motion for new trial based on newly discovered evidence. Appellants have not filed a notice of appeal from that order. However, on April 28, 1981, thirty-two days after the district court's order of March 27, 1981, the appellants did file in the district court a motion for leave to file out-of-time a notice of appeal from the district court's order of March 27, 1981, the grounds for such motion being that the failure of counsel to file a notice of appeal within ten days after the order of March 27, 1981, was the result of excusable neglect. The motion for leave to file an out-of-time notice of appeal was denied by the district court on May 5, 1981, thirty-nine days after the district court's order of March 27, 1981, the district court

declining to find excusable neglect. On May 14, 1981, nine days after the district court's order of May 5, 1981, the appellants filed a notice of appeal from the district court's order of May 5, 1981. It is that notice of appeal with which we are here concerned.

Based, then, on my view of the matter, the present appeal *is* from the district court's order of May 5, 1981. It is *not* an attempted appeal from the district court's order of March 27, 1981. Hence, contrary to the statement in the majority opinion, the *only* issue in this appeal is whether the district court erred in its order of May 5, 1981, which denied appellants' motion for leave to file an out-of-time notice of appeal. Under the circumstances, I conclude that the district court did not err in its order of May 5, 1981.

As indicated, the district court held that appellants did not show excusable neglect. Appellants' "excusable neglect" argument is based on counsel's alleged misunderstanding of certain statements made by the district court in colloquy between court and counsel at a hearing held on February 20, 1981, which, counsel claims, misled him as to the proper procedure to be followed in the event he suffered an unfavorable ruling on the motion for new trial. Appellants' claim of excusable neglect is in my view exceedingly thin. Subjective misunderstanding of the sort here claimed certainly does not compel a finding of excusable neglect. I would affirm the district court's order of May 5, 1981.