**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MANUEL DE JESUS CRUZ-
MENDEZ,

    Defendant-Appellant.

No. 98-4048
(D.C. No. 97-CR-402-001)
(Utah)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

    *This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The Defendant Manuel Cruz-Mendez pled guilty to re-entering the United States in violation of 8 U.S.C. § 1326, and was sentenced on March 6, 1998. Unhappy with the length of the sentence he received, he filed a notice of appeal on March 20, four days beyond the ten day filing period. This court then ordered the case partially remanded to the district court to determine whether Mr. Cruz-Mendez's failure to comply with the filing deadline was the result of excusable neglect. In February 1999, the district court issued an order finding the neglect inexcusable. Mr. Cruz-Mendez then filed a "Supplementation to Jurisdictional Memorandum" in this court, requesting that we either remand for re-sentencing, reverse the district court's refusal to find excusable neglect, or defer the jurisdictional issue to the merits panel.

As a preliminary matter, in order for us to exercise jurisdiction over the court's finding of no excusable neglect, we must have received a timely notice of appeal from the February 1999 order. "A timely notice of appeal is both mandatory and jurisdictional." *United States v. Langham*, 77 F.3d 1280, 1280 (10th Cir. 1996). The "Supplementation to Jurisdictional Memorandum" filed by Mr. Cruz-Mendez was not labeled as such, but we choose to treat it as the functional equivalent of a notice of appeal. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316-17 (1988) ("[I]f a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may

nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires."); *United States v. Smith*, 182 F.3d 733, 735 (10th Cir. 1999). We therefore have jurisdiction over Mr. Cruz-Mendez's appeal from the district court's refusal to find excusable neglect.

Federal Rule of Appellate Procedure 4(b)(1) requires that a defendant file a notice of appeal in the district court within ten days after the entry of judgement. Fed. R. App. P. 4(b)(1)(A)(i). Upon a finding of "excusable neglect or good cause," however, the district court may extend the time to file a notice of appeal for up to 30 days from the expiration of the original deadline. *See* Fed. R. App. P. 4(b)(4).

We review the district court's determination of the presence or absence of excusable neglect for an abuse of discretion. *See City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 (10th Cir. 1994). "The real question here is not whether we would have found . . . excusable neglect but rather whether we should second-guess the trial judge's decision . . . ." *Varhol v. National R.R. Passenger Corp.*, 909 F.2d 1557, 1564 (7th Cir. 1990) (en banc; per curiam).

The Federal Rules do not define "excusable neglect," but the Supreme Court has directed that in determining what constitutes excusable neglect the court must "tak[e] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs., L. P.*, 507 U.S. 380, 395

(1993).[1]  The Court specifically pointed to four factors relevant to the calculation: the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.  *See id.*

The Supreme Court stated in *Pioneer* that Congress allows the courts, where appropriate, to "accept late filings caused by inadvertence, mistake, or carelessness."  *Id.* at 388.  The defendant has the burden of establishing a sufficient reason for his failure to comply with the filing requirements.  *See United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979).  In this case, Mr. Cruz-Mendez failed to do so.

On the record before us, we can find little explanation for the late filing beyond a statement signed by Mr. Cruz-Mendez's attorney, in which he declares that he "believe[d]" after the sentencing hearing that "the defendant was dissatisfied with the length of the sentence he received."  Rec., Supp. vol. I, doc. 34.  The attorney then states that he received a phone call at some point, from some family member of the defendant's, requesting that he file an appeal, and that he believes "an appeal would only have been filed on the defendant's behalf after

---

[1]The *Pioneer* Court was discussing "excusable neglect" as it appears in the bankruptcy statute, but the analysis extends to the use of the term in many places within the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.  This court has previously applied *Pioneer's* analysis to Fed. R. App. P. 4(a).  *See Chanute*, 31 F.3d at 1046.

such a phone call." *Id.* The attorney offers no explanation, much less an excuse, for not filing a notice of appeal immediately after learning of defendant's dissatisfaction with the court's ruling. The district court therefore did not abuse its discretion in refusing to find excusable neglect.

Because the district court was acting within its discretion when it found no excusable neglect, the time for filing a notice of appeal was not extended and we are without jurisdiction to consider the merits of Mr. Cruz-Mendez's appeal of his sentence.

For the foregoing reasons, the defendant's appeal is **DISMISSED**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge