**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MANUEL CHAVEZ, also known as
Manny Chavez,

Defendant-Appellant.

No. 00-2274
(D.C. No. CR-98-550-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **PORFILIO,** and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

Defendant Manuel Chavez pleaded guilty to one count of attempted

aggravated sexual abuse on an Indian Reservation in violation of 18 U.S.C.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§§ 1153, 2241(a) and 2246(2)(A), and one count of solicitation to murder a federal witness in violation of 18 U.S.C. § 373. He was sentenced to a total term of 262 months followed by 5 years of supervised release. Final judgment was entered on July 10, 2000.

A notice of appeal was filed by the defendant on July 25, 2000, which was five days past the ten-day deadline. *See* Fed. R. App. P. 4(b)(1)(A)(i). We issued a show cause order requiring the parties to brief the issue of whether this court has appellate jurisdiction to consider the merits of the direct criminal appeal where the notice of appeal was filed past the deadline. As a result, the defendant moved in the district court for an extension of time. *See* Fed. R. App. P. 4(b)(4). On October 5, 2000, the district court entered an order denying the motion. We then issued an order reserving judgment on the jurisdictional issue.

Counsel for the defendant has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding, after a conscientious examination of the entire record, that there are no meritorious issues for appeal, and has requested leave to withdraw. In his pro se responses to counsel's brief, the defendant raises the following issues: 1) denial of a reduction for acceptance of responsibility; 2) denial of voucher request for additional investigator time and expert witnesses; 3) withholding of favorable evidence by the government concerning the criminal record of the defendant's cellmate; 4) withholding of

crucial evidence by his counsel concerning his innocence;  5) improper classification in criminal history category II;  6) entrapment by the government;  and  7) several claims based on ineffective assistance of counsel.  The defendant does not challenge the district court's denial of his Rule 4(b)(4) motion for extension of time.

In the plea agreement, the defendant agreed to waive the right to appeal a sentence within the applicable sentencing guideline range "except to the extent, if any, that the Court may depart upwards from the applicable sentencing guideline range."  Rec. vol. 1, doc. 172 at 7.  Our review of the record reveals that the defendant's sentence was at the low end of the applicable sentencing guideline range, and that the district court did not depart upwards from this range.  "A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable."  *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998); *see United States v. Rubio*, 231 F.3d 709, 712 (10th Cir. 2000); *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000).  Our review of the plea agreement and the transcript of the plea hearing reveals that the defendant's waiver was made knowingly and voluntarily.  During the plea hearing, the defendant and the trial judge discussed in great detail the meaning and effect of the appellate waiver provision in the plea agreement.  At the end of their discussions, the defendant clearly indicated his full and complete

understanding of this provision. The defendant himself does not argue on appeal that his waiver was unknowing or involuntary.

As a preliminary matter, in order for us to exercise appellate jurisdiction over the district court's October 5, 2000 Order denying the defendant's Rule 4(b)(4) motion, we must have a timely notice of appeal. Compliance with filing requirements is mandatory and jurisdictional. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Although the defendant failed to file a formal notice of appeal within ten days after issuance of the October 5, 2000 Order, he did file a docketing statement in this court that contained a copy of the Rule 4(b)(4) motion. This court will construe the docketing statement as the functional equivalent of a timely appeal from the October 5, 2000 Order. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992)*; Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-17 (1988). We therefore have jurisdiction over the order denying an extension of time to file a late appeal.

A defendant in a criminal case is required to file a notice of appeal in the district court within ten days after entry of judgement. *See* Fed. R. App. P. 4(b)(1)(A)(i). Upon a finding of "excusable neglect or good cause," however, a district court may extend the time to file a notice of appeal up to thirty days after expiration of the original deadline. *See* Fed. R. App. P. 4(b)(4). The Supreme Court has directed that in determining what constitutes excusable neglect, a court

must "tak[e] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 395 (1993). The Court has pointed to four factors that are relevant in determining whether to find excusable neglect: 1) the danger of unfair prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. *Id.*; *see City of Chanute v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994). A defendant has the burden of establishing sufficient reason for the failure to comply with the filing requirements. *See United States v. Lucas,* 597 F.2d 243, 245 (10th Cir.1979). In this case, the defendant failed to do so.

We review the district court's determination of the presence or absence of excusable neglect based on an abuse of discretion. *See City of Chanute,* 31 F.3d at 1046. "The real question here is not whether we would have found . . . excusable neglect but rather whether we should second-guess the trial judge's decision . . . ." *Varhol v. National R.R. Passenger Corp.,* 909 F.2d 1557, 1564 (7th Cir. 1990) (per curiam) (en banc).

Based on the record before the court, we find little explanation for the late filing of the appeal. Defendant's counsel stated he was responsible for the late

appeal because he was on vacation when the judgment was received, and he was not informed by his staff of receipt of the judgment. Rec., supp. vol. I, doc. 194 at 1-2. And, he concedes that the defendant "specifically waived his right to appeal" in the plea agreement. *Id.* at 2. In opposition, the government cited the defendant's waiver of his right to appeal, and argued that, under the *Pioneer* standards, to allow Defendant Chavez to appeal after he knowingly and voluntarily waived his right to do so would unfairly prejudice and burden the government and the courts. Rec., supp. vol. I, doc. 196 at 2-3. The district court agreed, and denied the Rule 4(b)(4) motion.

In applying *Pioneer*'s four-factor analysis to these facts, we conclude that the district court did not abuse its discretion when it denied the defendant's Rule 4(b)(4) motion. Because the district court was acting within its discretion when it found no excusable neglect, the time for filing a notice of appeal as to the district court judgment entered July 10, 2000 was not extended. Therefore, this court lacks jurisdiction to consider the merits of the direct criminal appeal.

Accordingly, the direct criminal appeal is DISMISSED. The motion by the defendant's counsel to withdraw is GRANTED. The mandate will issue forthwith.

Entered for the Court

Deanell Reece Tacha
Chief Judge