FILED
United States Court of Appeals
Tenth Circuit

August 30, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT J. HARPER, JR.,

     Plaintiff - Appellant,

v.

SCOTT M. GUTHRIE; MARK M.
GIFFORD, individually, and in his official
capacity as Wyoming State Bar
Association Counsel; SHANNON
HOWSHAR, individually, and in her
official capacity as Wyoming State Bar
Association Assistant; JENNIFER
CALKINS-SCOGGINS; DONNA CAY
HEINZ, individually, and in her official
capacity on Wyoming's Commission on
Judicial Conduct and Ethics; MATTHEW
H. MEAD, individually, and in his official
capacity as Wyoming State Governor,

     Defendants - Appellees.

No. 15-8125
(D.C. No. 1:15-CV-00082-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Robert J. Harper, Jr., a Wyoming prisoner proceeding pro se, appeals the district court's dismissal of his civil rights complaint and its denial of his motion for an extension of time to file a notice of appeal. Because the notice of appeal was untimely and no motion for an extension was granted, we lack jurisdiction to reach the merits of the dismissal order at this time. However, we can and do address the district court's denial of Mr. Harper's motion for an extension of time. We vacate that order and remand the case for further proceedings.

## I. Dismissal Order

The district court entered its dismissal order on October 20, 2015. Under Fed. R. App. P. 4(a)(1)(A), Mr. Harper had thirty days to file a notice of appeal. His notice of appeal was not filed until November 25, 2015, and he concedes it was untimely. "This court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). In the absence of a timely notice of appeal or a valid order extending the time to file notice of appeal, we lack jurisdiction to consider this portion of his appeal.[1]

---

[1] If, on remand, the district court determines that excusable neglect or good cause warrants an extension of time, it may grant one, thereby validating Mr. Harper's previously filed notice of appeal. *See N. Am. Specialty Ins. Co. v. Corr. Med. Servs., Inc.*, 527 F.3d 1033, 1039 (10th Cir. 2008) ("[S]o long as the order appealed from remains unchanged in both its form and its content, a premature notice of appeal retains its validity [once a motion to extend the time to file a notice of appeal is granted]." (brackets and internal quotation marks omitted)).

## II. Denial of Motion for an Extension of Time

Under Fed. R. App. P. 4(a)(5), however, Mr. Harper had an additional thirty days to file (in the district court) a motion for an extension of time to file a notice of appeal. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). The district court may grant such a motion upon a showing of excusable neglect or good cause. *Id.*; *see also United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979) (noting that "a district court retains limited jurisdiction beyond the running of the total appeal period" to address a timely filed motion for an extension of time). Mr. Harper timely filed a motion for an extension of time, citing the limited number of staff at the prison and the unavailability of legal materials and services as factors contributing to his inability to timely file his notice of appeal.

The district court denied Mr. Harper's motion as moot, noting that this Court had already assigned a case number to his appeal: "Plaintiff . . . filed a Notice of Appeal on November 25, 2015, which the Tenth Circuit Court of Appeals assigned Appeal Number 15-8125 on November 27, 2015. His request is therefore moot." R., Vol. 2 at 343 (citations omitted). The district court made no findings as to whether Mr. Harper's motion demonstrated excusable neglect or good cause.

Meanwhile, this Court tolled briefing on the merits and issued an order directing Mr. Harper to address why, given the late notice of appeal, the appeal should not be dismissed for lack of jurisdiction. In response, Mr. Harper filed a revised motion for an extension of time, a memo and affidavit in support of the motion, and a motion to proceed on appeal in forma pauperis. After the appellees

3

filed an opposition to the revised motion for an extension, Mr. Harper filed a reply.[2] The jurisdictional issue was then referred to this merits panel, and briefing on the merits proceeded.

Mr. Harper is a pro se litigant, so we view his filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). Fed. R. App. P. 3(c)(4) provides that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." We liberally construe the requirements of this rule, and even "when papers are technically at variance with the letter of Rule 3, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (brackets and internal quotation marks omitted). "Even if a notice fails to properly designate the order from which the appeal is taken, this Court has jurisdiction if the appellant's intention was clear." *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007); *see also Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) ("[W]e should not be hypertechnical in ruling that a notice of appeal does not challenge a judgment or order that the appellant clearly wished to appeal.").

---

[2] Although the parties apparently assumed this Court has the authority to extend the time for filing a notice of appeal, we do not. *See* Fed. R. App. P. 4(a)(5)(A) (vesting such authority in the district court).

In light of these considerations, we construe Mr. Harper's filings in response to this Court's order as the functional equivalent of a formal notice of appeal that was timely filed insofar as he seeks to challenge the district court's denial of his motion for an extension of time. Taken together, these filings—all of which were filed within the appeal period following the order denying the motion for an extension— show that Mr. Harper clearly intended to appeal that order. In particular, his reply in support of the revised motion for an extension refers to both the district court's denial of his earlier motion for an extension and his filings in response to this Court's order tolling briefing on the merits, which included the revised motion for an extension along with a supporting memo and affidavit. Having determined that we have jurisdiction over this portion of Mr. Harper's appeal, we now turn to the underlying order.

"A district court's order refusing to extend the time for filing a notice of appeal is itself an appealable final judgment . . . which this court reviews only for abuse of discretion." *Bishop*, 371 F.3d at 1206 (internal quotation marks omitted). Failure to apply the correct legal standard in ruling on a motion constitutes an abuse of discretion. *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) ("A clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard or the facts upon which the exercise of its discretionary judgment is based."). As stated above, the decision of whether to grant or deny a motion for an extension of time to file an appeal depends on whether the movant has shown either excusable neglect or good cause. *Bishop*, 371 F.3d at 1206.

5

We conclude the district court abused its discretion by denying Mr. Harper's motion without addressing whether he had shown excusable neglect or good cause. Instead, the court determined that the motion was moot because his appeal had already been assigned a case number by this court. However, "the mere acceptance and filing of a notice of appeal by a district court is [not] tantamount to the granting of the requisite extension of time." *Lucas*, 597 F.2d at 245 ("[T]he acceptance of a notice of appeal for filing is a mere clerical function."). We have an independent duty to examine our own jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1274 (10th Cir. 2001). As this appeal reveals, the acceptance of a notice of appeal does not guarantee that we have jurisdiction over the appeal. The district court did not apply the relevant standards for determining whether there was excusable neglect or good cause, and therefore it abused its discretion by denying Mr. Harper's motion for an extension.

## III.  Conclusion

The order denying Mr. Harper's motion for an extension of time to file a notice of appeal is vacated, and the case is remanded for further proceedings thereon. This court lacks jurisdiction to consider any other issues at this time, and all pending motions are denied as moot.

Entered for the Court

Bobby R. Baldock
Circuit Judge