**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO OLMOS MUNOZ, SR.,

    Defendant - Appellant.

Nos. 16-5026 and 16-5104
(D.C. No. 4:12-CR-00212-JHP-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

In this order, we address two related appeals. In No. 16-5026, Francisco Olmos

Munoz, Sr., seeks to appeal the denial of his motion for a reduced sentence under 18

U.S.C. § 3582(c)(2). The government moved to dismiss the appeal as untimely,

asserting that Munoz filed his notice of appeal seven days beyond Fed. R. App. P.

4(b)(1)(A)(i)'s 14-day filing period. But because Munoz filed the late notice of

appeal within Fed. R. App. P. 4(b)(4)'s 30-day extension period, we partially

remanded the case to permit Munoz, upon proper motion, to seek an extension from

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument wouldn't materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment isn't binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

the district court. In No. 16-5104, Munoz appeals the district court's subsequent order denying his motion for an extension. Because the district court didn't abuse its discretion in declining to grant an extension, we affirm the order denying the motion for extension and dismiss the underlying appeal.

## BACKGROUND

Munoz pled guilty to one count of possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a). The district court imposed a 168-month prison term. Munoz later moved for a reduced sentence under 18 U.S.C. § 3582(c)(2), asserting that Amendment 782 to the U.S. Sentencing Guidelines lowered his applicable Guidelines sentencing range. On February 22, 2016, the district court determined that Amendment 782 didn't lower Munoz's applicable Guidelines range and denied the motion.

Munoz had until March 7, 2016, to file a notice of appeal. *See* Fed. R. App. 4(b)(1)(A)(i). He filed his notice on March 14, 2016. In the notice, Munoz asserted that he didn't receive the district court's February 22, 2016 order until March 4, and that he placed the notice in the mail on March 9. The government moved to dismiss the appeal as untimely. Munoz responded, identifying several reasons for his untimely filing.

We took the government's motion under advisement, abated Munoz's appeal in No. 16-5026, and partially remanded the case so Munoz could seek an extension from the district court. *See* Fed. R. App. P. 4(b)(4) (providing district court with discretion to grant filing extension upon finding of good cause or excusable neglect).

2

The district court denied the motion, concluding Munoz didn't demonstrate excusable neglect or good cause. Munoz timely appeals that order in No. 16-5104.

## DISCUSSION

The government asks us to dismiss Munoz's appeal in No. 16-5026 as untimely because Munoz didn't comply with Rule 4(b)(1)(A)(i)'s filing deadline. Failure to comply with Rule 4(b)(1)(A)(i) doesn't deprive this court of jurisdiction, nor does it mandate dismissal. *United States v. Mitchell*, 518 F.3d 740, 743-44 (10th Cir. 2008). But Rule 4(b)'s time bar is an inflexible claim-processing rule that we must enforce when a party properly invokes it. *Id.* at 744. The government invoked the time bar here, and Munoz had the burden to show the district court that an extension was warranted. *See United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979)

Good cause may warrant an extension when the defendant demonstrates an untimely filing resulted from a "situation[] in which there is no fault—excusable or otherwise." *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004). This situation is "usually occasioned by something that is not within the [defendant's] control." *Id.* Excusable neglect may also warrant an extension. In evaluating whether a defendant has shown excusable neglect, a district court should consider "all relevant circumstances," including "[1] the danger of prejudice to the [government], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Torres*,

3

372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). We have described the reason for the delay as "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." *Id.* at 1163 (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

Munoz argues the district court should have granted him an extension because he diligently pursued his right to appeal in No. 16-5026, and circumstances beyond his control caused him to file his notice of appeal late.

Because the grant of an extension is permissive, we review the district court's refusal to extend the time for filing for abuse of discretion. *United States v. Vogl*, 374 F.3d 976, 981 (10th Cir. 2004). Under this standard, we won't disturb the district court's decision unless "we are convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1216 (10th Cir. 2016).

In support of his motion for an extension, Munoz submitted an affidavit to the district court asserting that (1) he packed his legal paperwork because he was scheduled to transfer to another prison facility on February 26, 2016; (2) prison staff informed him that the transfer was rescheduled for March 7, 2016; (3) he didn't receive the district court's February 22, 2016 order denying his motion for a reduced sentence until 9:00 p.m. on March 4, 2016; (4) he unpacked his legal paperwork and worked on "the Appeal" for two days before re-packing for his March 7, 2016 transfer; (5) on March 7, prison staff informed him the transfer was rescheduled for

4

March 27, 2016; (6) he unpacked his legal paperwork again, completed the notice of appeal, and submitted it to the prison's mail room on March 9, 2016.

Much like Munoz, the district court wasn't moved. The court reasoned that taking Munoz's version of events as true, Munoz had less than three days to prepare and mail a timely notice of appeal. But the court concluded that even though Munoz couldn't control the vagaries of prison mail deliveries or inter-facility transfers, Munoz didn't demonstrate good cause for failing to prepare and mail a one-page notice of appeal over the course of three days.

In considering whether Munoz demonstrated excusable neglect, the district court found that three circumstances weighed in Munoz's favor. Specifically, the court found that the government would suffer little prejudice from the delay, the delay was brief, and the government admitted that Munoz acted in good faith when he filed the late notice of appeal. But the district court found that the most important factor—the reason for the delay—weighed against Munoz. The court reiterated that despite some delays that were out of Munoz's control, he still had sufficient time to prepare and timely file the notice of appeal.

Because the district court applied the appropriate legal framework and reached a decision within the bounds of permissible choice, we find no abuse of discretion. Thus, we affirm the district court's order denying the motion for an extension of time

in No. 16-5104, and we grant the government's motion to dismiss Munoz's appeal in No. 16-5026 as untimely.

Entered for the Court


Nancy L. Moritz
Circuit Judge