**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT J. HARPER, JR.,

    Plaintiff - Appellant,

v.

SCOTT M. GUTHRIE; MARK M.
GIFFORD, individually, and in his official
capacity as Wyoming State Bar
Association Counsel; SHANNON
HOWSHAR, individually, and in her
official capacity as Wyoming State Bar
Association Assistant; JENNIFER
CALKINS-SCOGGINS; DONNA CAY
HEINZ, individually, and in her official
capacity on Wyoming's Commission on
Judicial Conduct and Ethics; MATTHEW
H. MEAD, individually, and in his official
capacity as Wyoming State Governor,

    Defendants - Appellees.

No. 17-8001
(D.C. No. 1:15-CV-00082-ABJ)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MURPHY**, and **MATHESON**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

Plaintiff-Appellant Robert J. Harper, Jr., a Wyoming state inmate proceeding pro se, appeals from the district court's denial of his motion for an extension of time to file a notice of appeal. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

The district court dismissed Mr. Harper's 42 U.S.C. § 1983 complaint against various Wyoming officials on October 20, 2015. Under Fed. R. App. P. 4(a)(1)(A), Mr. Harper had thirty days to file a notice of appeal. His notice of appeal was not filed until November 25, 2015, which he conceded was untimely. Mr. Harper then filed a motion for an extension of time with the district court, which the court denied as moot. A panel of this court vacated and remanded that decision so the district court could consider the motion on the merits. Harper v. Guthrie, 660 F. App'x 620, 623 (10th Cir. 2016) (unpublished). On remand, the district court concluded that Mr. Harper had not made an adequate showing of excusable neglect or good cause to justify the granting of an extension. R. 17–23. We review that decision for an abuse of discretion. Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004).

A district court "may extend the time to file a notice of appeal" if a "party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). We have explained that among the factors relevant to an excusable-neglect decision include "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Bishop, 371 F.3d at 1206

2

(citation omitted). Good cause, on the other hand, occurs when there is no fault by the party at all, "excusable or otherwise." Id. at 1207 (citation omitted).

Mr. Harper argued before the district court that he was unable to file his notice of appeal on time because (1) the notary public at his prison was unavailable, (2) he lacked legal materials and services at the prison, (3) he did not know when his notice of appeal was due, and (4) the district court did not tell him how or when to file his notice of appeal. The district court rejected his arguments that these reasons constituted unique and extraordinary circumstances to qualify as excusable neglect because Fed. R. App. P. 4(c)(1)(A)(i) specifically provided a way for Mr. Harper to file his notice of appeal without a notarized statement. R. 21.

On appeal, Mr. Harper repeats these underlying arguments for delay. Specifically, he contends that even though it turned out that no notary was required, he did not know that at the time and should not be penalized for his general unfamiliarity with the law. See Aplt. Br. at 16; Aplt. Reply Br. at 3. Additionally, he seems to argue that the fact that a panel of this court previously held that the district court abused its discretion in dismissing his initial motion for an extension of time necessarily demonstrates that his neglect was excusable. See Aplt. Br. at 17–18.

In this court's previous decision, however, the panel held that the district court abused its discretion "by denying Mr. Harper's motion without addressing whether he had shown excusable neglect or good cause." Harper, 660 F. App'x at 623. Here, the district court expressly considered Mr. Harper's reasons for his motion and concluded that they did not demonstrate excusable neglect or good cause. "Although

3

we construe [Mr. Harper's] pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). It was not an abuse of discretion for the district court to follow this settled rule.

AFFIRMED. We GRANT Mr. Harper leave to proceed in forma pauperis on appeal and remind him of his obligation to make partial payments until the entire amount is paid in full.

<div style="margin-left: 50%;">

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

</div>